## MILLS, HORNER & CO. v. MABON.

1. CONSTRUCTION OF CONTRACTS. Where a party warranted a mill "to do good work and manufacture an amount of flour per day equal to

other good mills, with an equal number of burrs of similar dimensions, and having the same quantum of motive power," it was held that the warranty was general, and was not limited to mills constructed upon the same plan.

2. INSTRUCTIONS. The court is not bound to give instructions asked by either party, when the substance thereof, has already been given to the jury.

*Appeal from Marion District Court.*

MONDAY, OCTOBER 31.

The plaintiffs seek to recover damages for the breach of a contract by the terms of which, defendant undertook to furnish certain materials and do certain work in and about a grist mill. It seems that plaintiffs were, at the time, the owners of a steam saw mill, and proposed to erect a flouring mill to be run by the same person. As far as material to be shown, the undertaking was as follows: Defendant was to furnish all the machinery, bolts, bolting cloths, &c., for a flouring mill, to be attached to said saw mill, and also a competent and skillful millwright to construct the same. The work was to be done in a good, substantial and workmanlike manner. The mill was to be constructed according to a plan or draft made by the millwright, and in his possession at the time of the contract; was "to have two run of burrs, and warranted to do good work, and to manufacture an amount of flour per day equal to other good mills, with an equal number of burrs of similar dimensions, and having the same quantum of motive power."

It is charged that defendant undertook the work; represented the same as completed, and was paid as provided for in the contract; that the work was unskillfully done; that the machinery would not perform as warranted; the petition pointing out minutely the defects and breaches. The answer is in denial of all the material allegations. Verdict and judgment for plaintiffs, and defendant appeals.

*S. A. Rice* and *George May*, for the appellants.

*J. E. Neal*, for the appellee.

WRIGHT, C. J.—The plaintiffs, upon the examination in chief, asked a witness, "whether the husk was improperly constructed, with reference to running two run of burrs, and if so, wherein and how?" This question was objected to, and the decision overruling the objection is now assigned for error. The ground of the objection was not stated in the court below. It is now urged that the interrogatory is *leading* and *suggestive*. We are clearly of the opinion that the objection is not well taken. But if so, it should have been urged on the trial. It goes to the form and not to the substance of the inquiry. If presented at the time, the difficulty could have been removed, by changing the phraseology. *Adams* v. *Foley, et al*, 4 Iowa 44.

In giving a construction to the contract, the court held, that defendant was not only to construct the mill upon the *plan* referred to, but that he also warranted that it should do good work, and should manufacture an amount of flour per day equal to other good mills, having the same number and sized burrs and same motive power, whether upon the same plan or not.

The defendant claims that by the contract he only undertook that it should manufacture an amount of flour per day equal to other good mills, constructed *upon the same plan*. In this construction the court did not err. The warranty as to the capacity of the mill as compared to others, is general, and is not confined to those built after the plan or model named. The words, "other good mills," are not consistent with the construction contended for by defendant. If his construction is the true one, then it would seem that the parties would have qualified or limited the language by adding the words, "built after this plan," or the like. Instead of this, however, the only condition named, is, that such "other good mills," shall have no more or larger burrs and no greater motive power.

Plaintiffs gave their notes for the work done and materials furnished, when the mill was completed, this being the mode

of payment fixed by the contract. Defendant claimed and introduced testimony tending to show that the parties then had a settlement of all claims, and that the mill was accepted and received by the plaintiffs, with a full knowledge of all defects—or if not all, at least such as were patent, reserving only their right to be protected against latent defects. Upon this subject defendant prayed several instructions, as to the effect of such a settlement, and the presumptions arising therefrom. These were refused, and this refusal is assigned for error.

In our opinion, the law upon the subject was well and sufficiently stated in the instructions in chief, given by the court. Having once stated the law, the court was not bound to repeat it, though asked in different language. The only doubt we have had as to this part of the case, is in reference to the last instructions asked. If it, however, was not, in its substance and meaning, given before, then we are not prepared to say that it should have been given as broadly and unqualifiedly as asked. For though the injuries complained of did not result from latent defects, and though the jury might have believed that all others were settled, it would not necessarily follow that plaintiffs would be concluded thereby so far as to prevent a recovery. And yet this is the substance of the instruction. It leaves out of view, any proof of fraud or mistake—elements pertinent to the inquiry, and appropriately referred to by the court in the instructions given.

                                     Judgment affirmed.